*35 Opinion of
the Court.
THE appellee, having obtained the elder grant for the land in controversy, brought his ejectment, to recover the possession, and therein had judgment; to be relieved against which, the appellant filed his bill, praying a perpetual injunction, and for a release of the elder title. The general court decreed a dismission of the bill, and Hunter appealed to this court.
The complainant claims the land by virtue of the following entry, as set forth in the bill, to wit:
“ May 23d, 1780—William Helm enters 1,300 acres, upon a treasury warrant, on the head of Meadow run, on the ridge between the waters of Clear creek and Gist’s fork, and south of James Coburn’s pre-emption, to include Squire Boone and John Webb’s names on two beech trees, beginning at the south end of Coburn’s land.”
The question is, whether this entry can be supported; and if maintainable, whether it is rightly surveyed.
The defendant, in his answer, denies any such entry was made, as is set forth; alleges that the attested copy produced by the complainant is not genuine, and avers that the entry has been erased, interlined and altered. The answer also charges that the entry is vague, and illegally surveyed.
From the evidence in the cause, as well as from an inspection, had by consent, of the original entry book, *36 it appears that the word “pre-emption” is interlined in the original entry book, in a different hand writing, and with different ink; and the presumption is strong, that it has been inserted at some after period; and the complainant has not shown how the entry existed originally. These circumstances are strongly in support of that part of the defendant’s answer, in which he swears the entry has been altered and interlined, and that the entry was not really made as set forth in the bill; and consequently, that the call for the pre-emption of Coburn ought to be rejected. We will consider the entry, therefore, as if that expression was absent.
The call in the entry for the head of Meadow run, is not supported, there being no evidence in the record, either as to the situation or notoriety of that stream. Two beech trees are shown upon the dividing ridge between the waters of Clear creek and Gist’s fork, and are proved to have been marked, the one S. B. and the other I. W. prior to the date of the entry. But there is no proof of their notoriety, and they are not described in the entry as being on the dividing ridge, or on any particular part of it; nor is there any other description of their situation given, so as to enable others to find them by reasonable diligence. It would, therefore, be extremely difficult, if not impossible, to say what land was really intended to be occupied by the entry, even if no other uncertainty attended it. But when the only remaining calls, to wit, “south of James Coburn’s, and beginning at the south end of Coburn’s land,” are examined, equal uncertainty prevails. It is proved on the part of the complainant, that a private survey, lying upon, or in part upon the dividing ridge, was made for James Coburn in the fall or winter 1779, and that it had acquired some degree of notoriety in the neighborhood. It also appears, that, prior to the date of the entry, Coburn had obtained a certificate for a settlement and pre-emption, to include his improvement on Mulberry creek, one of the branches of Clear creek, and that he had also entered his settlement with the surveyor. His legal claim, thus entered, occupied, in a great measure, different ground from that included within the private survey; so that it must have been a matter of considerable uncertainty with other locators, which of the two was intended by the complainant’s entry; and if either was entitled to a preference, it was *37 the legal and certain claim to which Coburn was really entitled. If that claim had been selected, the difficulties attending the entry, if not increased, would not be removed. It is impossible to say, with any reasonable degree of certainty, in the absence of the other objects called for, how the entry should run off from the south side of Coburn’s land, as located, in order to include the quantity, there being no other call in the entry, indicating the intention of the locator.
The complainant’s entry seems to us to be entirely destitute of that certainty and precision required by the land law, in order to make a valid entry; and consequently, there is no error in the decree of the general court dissolving his injunction and dismissing his bill.